**Pawanbir SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72186.
Agency No. A75–020–268.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2004.*

Decided Aug. 16, 2004.

Robert B. Jobe, Esq., Nicole Simon, Esq., Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Stacy S. Paddack, U.S. Department of Justice, Washington, DC, for Respondent.

Before HAWKINS, THOMAS, and BEA, Circuit Judges.

MEMORANDUM **

Pawanbir Singh (Singh), a native and citizen of India, petitions for review of the order of the Board of Immigration Appeals (BIA) summarily affirming without opinion the order of the Immigration Judge (IJ) denying his application for asylum, withholding of removal, and protection under Article 3 of the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition for review.

We review the BIA's determination that an applicant has failed to establish his entitlement to asylum under the substantial evidence standard and can reverse only if the evidence compels that result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 and n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Adverse credibility determinations are also reviewed under the substantial evidence standard, *Gui v. INS,* 280 F.3d

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1217, 1225 (9th Cir.2002), and are entitled to deference, *Manimbao v. Ashcroft*, 329 F.3d 655, 658 (9th Cir.2003). Where the BIA summarily affirms the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *Falcon Carriche v. INS*, 350 F.3d 845, 849 (9th Cir.2003).

Because the parties are familiar with the facts, we do not recite them in detail except as necessary. Singh, a Sikh, contends that he was persecuted by Punjabi police on account of imputed political opinion due to his cousin's membership in the Khalistan Commando Force (KCF), a militant Sikh separatist organization. The IJ found that Singh had not testified credibly, that he had failed as a threshhold matter to establish his identity, and that his corroborating evidence did not support his asylum claim.

Substantial evidence supports the IJ's adverse credibility determination. *Gui*, 280 F.3d at 1225. Singh presented inconsistent evidence as to how he learned that his cousin was a member of the KCF, how he learned that his cousin had been killed, and most importantly, with respect to the timing and frequency of his cousin's visits to Singh's home. These inconsistencies go to the heart of Singh's asylum claim because his cousin's visits were the only nexus between Singh and the KCF. *Chebchoub v. INS*, 257 F.3d 1038, 1043–44 (9th Cir.2001). Therefore, the record does not compel the conclusion that Singh established his eligibility for asylum. *Elias–Zacarias*, 502 U.S. at 481 and n. 1, 112 S.Ct. 812. Having failed to establish his eligibility for asylum, Singh necessarily cannot meet the higher standard for withholding of removal. *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996). Singh has

* This panel unanimously finds this case suitable for decision without oral argument. See

abandoned his CAT claim by failing to argue it in his opening brief. *Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

PETITION FOR REVIEW DENIED.